ALBERT B. NELSON *vs.* JESSE NELSON.

A sale of wood growing on the seller's land, with the right to cut it within a specified time, but without any agreement that the purchaser may assign his rights, gives him a t͠ to the wood cut within that time, which title he may sell to a third person; and th᷍ person may maintain an action against the owner of the land for subsequently burning the wood.

ACTION OF TORT for burning a quantity of wood, cut and lying upon the defendant's land, and claimed by the plaintiff as his property. Writ dated October 29th 1855.

At the trial in the court of common pleas, before *Morris*, J., the plaintiff introduced evidence tending to show that about the 1st of April 1854 " the defendant verbally sold to one Donelson all the wood on said land, and Donelson was to have a specified time to get it off; " and there was conflicting evidence upon the question whether that time was one or two years. There was no evidence of any express agreement or understanding between the parties, that Donelson should have the right to sell or assign his rights under this contract.

It also appeared that Donelson entered upon the land, cut the wood and carried away part of it, and left some lying upon the ground, and in February 1855 sold to the plaintiff the wood so left, (being the same for the burning of which this action was brought,) with all his rights under the contract, not already exercised. The plaintiff communicated this fact to the defendant, who replied that he would as soon have the plaintiff take off the wood as Donelson, and gave the plaintiff leave to use his land for the purpose of burning into coal such part of the wood as was not fit for sale; but afterwards revoked this license.

On these facts, the defendant requested the judge to instruct the jury that Donelson's right to enter on the defendant's land was a personal privilege, and not assignable ; that the plaintiff, by his agreement with Donelson, acquired no right to enter upon the land; and that the defendant's license to the plaintiff, being executory, and without consideration, was revocable, and on its being revoked the plaintiff's right ceased. But the judge refused so

to instruct the jury; and instructed them that the plaintiff, by virtue of his agreement with Donelson, succeeded to all Donel son's right in the premises, so far as related to the wood lying upon the ground. The verdict being for the plaintiff, the defendant alleged exceptions.

C. Allen, for the defendant. The sale to Dorelson was only of so much wood as should be taken off within the time specified. Putney v. Day, 6 N. H. 430. Pease v. Gibson, 6 Greenl. 81. Reed v. Merrifield, 10 Met. 155. The license to Donelson to go upon the defendant's land was a personal privilege, and not assignable. Pease v. Gibson, 6 Greenl. 81. Emerson v. Fisk, 6 Greenl. 206. Cowles v. Kidder, 4 Foster, 379, 380. Carleton . Redington, 1 Foster, 305. Jackson v. Babcock, 4 Johns. 418. Prince v. Case, 10 Conn. 382. 3 Kent Com. (6th ed.) 452. That this was the understanding of the parties is shown by the new license afterwards granted by the defendant upon the plaintiff's application. That license, being without consideration, was revocable. Morse v. Copeland, 2 Gray, 305. Marston v. Gale, 4 Foster, 176.

W. Griswold, for the plaintiff.

METCALF, J. By the bargain between Donelson and the defendant, and Donelson's labors under that bargain, the wood which he cut became his property; Nettleton v. Sikes, 8 Met. 34; and he might as well transfer that property, as any other, to whom he pleased. He did transfer a part of it to the plaintiff; and whilst it was the plaintiff's, the defendant burnt it. He is therefore answerable to the plaintiff for its value. We say he burnt it whilst it was the plaintiff's, because it does not appear that the time within which it was to be taken from the land had expired before it was burnt, nor that it was to be forfeited to the defendant, if not taken off within that time.

This view of the case makes it unnecessary to consider whether the plaintiff acquired from Donelson the right to enter upon the defendant's land and take off the wood with his own hands, or whether the license so to do, given to him by the defendant, was revocable. If both these points were adjudged in the defend ant's favor, still he would have no defence to this action.

*Exceptions overruled.*